UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,

-against-

MICHAEL ROMANO, *et. al.*,

Defendants.
------------------------------------------------------------ x

**MEMORANDUM AND ORDER**

09-cr-00168 (S-2) (DLI) (VMS)

**DORA L. IRIZARRY, United States District Judge:**

On May 19, 2021, nonparty Jeanne Romano ("Petitioner"), pursuant to 21 U.S.C. § 853(n), filed a Verified Petition (the "Petition") for a hearing to adjudicate the validity of her claim to a residence located at 8154 Via Bolzano, Lake Worth, Florida (the "Property"), which is subject to forfeiture as part of Defendant Michael Romano's ("Defendant") sentence. *See*, *generally*, Verified Pet. for Hearing to Adjudicate Third Party Claim ("Pet."), Dkt. Entry No. 587. On January 21, 2022, the Government moved to dismiss the Petition. *See*, Gov't's Mem. of Law in Supp. of Mot. to Dismiss the Petition ("Gov't Mem."), Dkt. Entry No. 613-1. Petitioner opposed the motion. *See*, Pet'r's Mem. of Law in Opp'n to the Mot. to Dismiss ("Opp'n"), Dkt. Entry No. 613. The Government replied. *See*, Gov't Reply Mem. of Law ("Reply"), Dkt. Entry No. 615. For the reasons set for below, the Government's motion is granted.

## BACKGROUND

Petitioner, the mother of Defendant, filed the Petition *pro se*, but later retained counsel to represent her in this matter. *See*, Not. of Appearance of Matthew Gilmartin, Dkt. Entry No. 601. The Court assumes the parties' familiarity with the facts and procedural history of this case. Thus,

only those facts necessary for this Memorandum and Order are set forth herein.[1] On November 10, 2010, a second superseding indictment, returned by a grand jury of this district, was filed against Defendant and other named individuals, charging them with conspiracy to commit mail and wire fraud from December 1990 to November 2008, in violation of 18 U.S.C. § 1349 and conspiracy to commit money laundering from March 1997 to November 2008, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(h), 1957(b), and 1957(d)(1). *See*, Second Superseding Indictment ("Indictment"), Dkt. Entry No. 168. Each of these counts was accompanied by a criminal forfeiture allegation. *Id.* at ¶¶ 21-23. On June 13, 2011, Defendant was convicted after a five-week jury trial of conspiracy to commit mail and wire fraud and conspiracy to commit money laundering. *See*, Jury Verdict, Dkt. Entry No. 295. As part of Defendant's sentence, the Government requested forfeiture of Defendant's assets, including the Property. *See*, Mot. for Forfeiture, Dkt. Entry No. 355.

By separate Report and Recommendations ("R&Rs") issued on July 26, 2013 and December 17, 2013, respectively, the magistrate judge recommended that the Court grant the Government's requests for forfeiture and restitution orders. *See*, Forfeiture R&R dated July 26, 2013, Dkt. Entry No. 373; Restitution R&R dated December 17, 2013, Dkt. Entry No. 393. The magistrate judge found that the Government had shown by a preponderance of evidence that the Property was among Defendant's assets traceable to the commission of the mail and wire fraud and, thus, recommended that the Property be forfeited to the United States. *See*, Forfeiture R&R at 40-44. In particular, the magistrate judge found that Defendant had transferred $142,630 from one of his bank accounts to Villages of Windsor by Ansca for the purchase of the Property. *See*,

---

[1] For a more complete recitation of the facts and procedural history, *see United States v. Romano*, 859 F. Supp.2d 445, 451 (E.D.N.Y. 2012), *aff'd*, 794 F.3d 317 (2d Cir. 2015), and Memorandum and Order issued on April 29, 2021, Dkt. Entry No. 556.

Forfeiture R&R at 41.

The magistrate judge recommended that the district court order forfeiture of the Property in its entirety, rather than just the $142,630 amount contributed to the purchase of the Property and traceable to Defendants' criminal activities. *Id.* at 40-44. The magistrate judge reached this conclusion after extensively analyzing persuasive case law from other circuits and finding that, in the absence of the "tainted money," Defendant either was unable to purchase the Property or the purchase would have been substantially more difficult. *Id.* at 42-43. Leading up to the Forfeiture R&R, Defendant never contested the forfeitability of the Property or that the proceeds from the fraud contributed to the purchase of the Property. *Id.* at 42. However, in his objection to the Forfeiture R&R, Defendant, *inter alia*, mentioned that he had received the title of the Property from Petitioner "as a gift" in December 2007. *See*, Obj. to Forfeiture R&R, Dkt. Entry No. 375, at 2-3. The objection did not discuss whether Defendant must return the Property to Petitioner at her request.

The Honorable Sterling Johnson, Jr., Senior United States District Judge, then presiding over this matter, adopted the R&Rs without opinion and issued the original forfeiture and restitution orders. *See*, Minute Entry dated February 27, 2014; Original Forfeiture Order issued on March 21, 2014, Dkt. Entry No. 402. On April 22, 2014, Petitioner filed an initial petition to amend the original forfeiture order, claiming an ownership interest in the Property based on a purported constructive trust. *See*, Dkt. Entry No. 410. However, the initial petition was not adjudicated as Defendant had appealed his conviction and sentence, and the decision on the appeal was pending. *See*, Not. of Appeal, Dkt. Entry No. 405.

On appeal, the Second Circuit Court of Appeals affirmed Defendant's judgment of conviction but vacated the forfeiture and restitution orders, and remanded them to this Court for

*de novo* review of the R&Rs and the issuance of an opinion upon such review. *See*, *United States v. Romano*, 794 F.3d 317, 340-41 (2d Cir. 2015). On April 29, 2021, upon *de novo* review, this Court adopted the R&Rs in their entirety, and, *inter alia*, ordered the seizure of Defendant's various bank accounts and forfeiture of the Property. *See*, Memorandum and Order ("M&O"), Dkt. Entry No. 556, at 8-12, 18; *See also*, Preliminary Order of Forfeiture Issued on May 27, 2021, Dkt. Entry No. 574.

On July 28, 2021, Petitioner filed the instant Petition, seeking to amend the Preliminary Order of Forfeiture and a hearing to adjudicate her claim to the Property under 21 U.S.C. § 853(n). *See*, *generally*, Pet. Petitioner asserts that she "contracted to purchase the Property in 2003" and borrowed $175,000 from Chase Manhattan Bank ("Chase Bank"). *Id.* at ¶ 1. Prior to closing the purchase of the Property, Defendant "advanced" Petitioner about $143,000 "for renovation and upgrades to the Property." *Id.* at ¶ 2. According to Petitioner, by 2007, Petitioner repaid both Chase Bank and Defendant, and she has paid all taxes, bills, and upkeep costs from 2003 to the date of the Petition. *Id.* at ¶¶ 3, 5. She never has lived in the Property, which she has rented out since purchasing it. *Id.* at ¶ 4.

Petitioner claims that, around May 2007, she gave the title of the Property to Defendant with his oral agreement that she retained the right to sell the Property to a third party in the future. *Id.* at ¶ 6. Petitioner further claims that Domenick Pelle ("Pelle"), "a longtime family friend and attorney," advised Petitioner that this transaction between her and Defendant constituted "a constructive trust." *Id.* According to Petitioner, she transferred the title of the Property to Defendant "for no consideration" and Defendant understood that Petitioner maintained "an equitable ownership" in the Property. *Id.* at ¶¶ 9-10. The Petition did not include any papers signed by either Petitioner or Defendant capturing this understanding at the time the purported

4

conveyance of the Property took place.

In support of the Petition, Petitioner attached a declaration from her daughter Celia Wells ("Wells"). *See*, Decl. of Celia Wells ("Wells Decl."), Dkt. Entry No. 587. According to Wells, in 2007, Petitioner, Defendant, Pelle, and Wells had a meeting where Petitioner gave the Property to Defendant with the understanding that Defendant would return the Property if Petitioner asked for it. *Id.* Pelle also submitted a declaration in support of the Petition. *See also*, Decl. of Domenick A. Pelle ("Pelle Decl."), Dkt. Entry No. 587. Pelle claims he had advised Petitioner that the conveyance of the Property with the promise that Defendant would return the Property to her upon her demand created a constructive trust enforceable under New York law. *Id.* Defendant did not provide a declaration or an affidavit in support of the Petition.

On January 21, 2022, the Government moved to dismiss the instant Petition, contending that Petitioner lacks standing to bring the Petition as she does not have a legal interest in the Property. *See*, *generally*, Gov't Mem. Petitioner countered that she has articulated a sufficient claim to the Property and standing to bring an ancillary proceeding under 21 U.S.C. § 853(n). *See*, *generally*, Opp'n.

## **LEGAL STANDARD**

Any third party "asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of [her] alleged interest in the property." 21 U.S.C. § 853(n)(2). The petition, which is sworn and signed by the petitioner, "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.* at § 853(n)(3). "Property" here includes "tangible and intangible personal

property, including rights, privileges, interests, claims and securities." *United States v. Singh*, 390 F.3d 168, 189 (2d Cir. 2004) (quoting 21 U.S.C. § 853(b)(2)).

"At the hearing, the petitioner must first establish [her] standing to challenge the forfeiture order by demonstrating a 'legal interest' in the forfeited property under § 853(n)(2)." *United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015) (citations omitted).  The petitioner then must "prove [her] entitlement to relief on the merits by establishing, through a preponderance of the evidence, one of two superior claims to the property under § 853(n)(6)." *Id.* (citing 21 U.S.C. § 853(n)(6); *Pacheco v. Serendensky*, 393 F.3d 348, 351 (2d Cir. 2004)).  The petitioner must demonstrate that she "has a legal right, title, or interest in the property, . . . [that] was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A).  The petitioner must demonstrate that she "is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture." *Id.* at § 853(n)(6)(B).

"The procedures governing ancillary proceedings under § 853(n) are further elaborated in Rule 32.2(c) of the Federal Rules of Criminal Procedure." *Watts*, 786 F.3d at 161.  Where "a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding."  Fed. R. Crim. P. 32.2(c)(1).  However, without holding a formal hearing, the "court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason."  *Id.* at 32.2(c)(1)(A).  "A motion to dismiss a third party petition should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *Watts*, 786 F.3d at 161 (internal quotation marks and citation omitted).  "To survive a motion to dismiss, the petition need only 'state [ ] enough facts to state a claim to

relief that is plausible on its face.'" *Id.* (quoting *Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236, 241-42 (2d Cir. 2011) (alternation in original)).  Although the petition need not contain "detailed factual allegations," simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

In order to establish standing to challenge an order of forfeiture under 21 U.S.C. § 853(n), Petitioner must demonstrate that she has a legal interest in the forfeited property.  *See*, *Watts*, 786 F.3d at 161 (citations omitted).  Petitioner claims that she has a legal interest in the Property because, when she transferred the title of the Property to Defendant in 2007, she did so under the terms of a constructive trust.  *See*, Pet. at ¶¶ 6-12; *See also*, Opp'n at ¶¶ 8-10.  However, Petitioner's claim relies on her own self-serving statements and improper statements from her daughter and "a longtime family friend and attorney."  Pet. at ¶ 6; *See also*, Wells Decl.; Pelle Decl.  As an initial matter, Pelle's statement or belief that Petitioner's conveyance of the Property to Defendant constituted a constructive trust under New York law is immaterial and has no bearing on the issues before this Court.  *See*, Pelle Decl.  Additionally, the Court fails to see the significance of Wells' declaration.  Wells only can attest to what her understanding of the transaction between Petitioner and Defendant was, which has no relevance to the issues at hand.  *See*, Wells Decl.

The Petition states that, during a discussion at some point in May 2007, Petitioner orally conveyed the title of the Property to Defendant while maintaining "an equitable ownership" in the Property, thereby creating a constructive trust and retaining her legal interest in the Property.  *See*, Pet. at ¶¶ 6-9.  This self-serving assertion is insufficient to allege a legal interest in the Property. *See*, *Kleiman v. Kings Point Cap. Mgmt., LLC*, 2020 WL 7249441, at *11 (E.D.N.Y. Sept. 30,

7

2020), *report and recommendations adopted*, 2020 WL 7021648 (E.D.N.Y. Nov. 30, 2020) (holding that information set forth in a party's self-serving affidavit is inappropriate for the court to consider at the motion to dismiss stage); *See also*, *Diaz v. Loc. No. 241, Transp. Workers Union of Am., Univ. Div.*, 2019 WL 3765924, at *4 (S.D.N.Y. Aug. 9, 2019) (holding that a party's self-serving statements in an exhibit are inappropriate for the court to consider on a motion to dismiss). The Petition's self-serving nature is especially concerning because Petitioner did not obtain a declaration from Defendant to establish the existence of the constructive trust. Indeed, in his objection to the Forfeiture R&R, Defendant noted that Petitioner had given him the Property as a gift, but failed to mention that she did so under the terms of a constructive trust. *See*, Obj. to Forfeiture R&R at 2-3. Thus, the Court finds that the Petition lacks sufficient factual allegations to allege Petitioner's legal interest in the Property.

Moreover, notwithstanding whether Petitioner sufficiently has alleged her legal interest in the Property, the Petition must be denied for failure to allege her superior interest in the Property. Establishing the proper standing to bring a petition is just the first step under 21 U.S.C. § 853(n). *See*, *Watts*, 786 F.3d at 160. In order to overturn the forfeiture of the Property, Petitioner must show that she can prevail on the merits under 21 U.S.C. § 853(n)(6)(A) or (B). *Id.*

Petitioner brings the instant Petition pursuant to 21 U.S.C. § 853(n)(6)(A). *See*, Opp'n at ¶¶ 13-14. To establish a claim to property subject to forfeiture under § 853(n)(6)(A), Petitioner must demonstrate that she "has a legal right, title, or interest in the property . . . [that] was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant *at the time of the commission of the acts* which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A) (emphasis added). "Subsection 853(n)(6)(A) works hand in hand with the 'relation-back' doctrine embodied in § 853(c), which provides that all property

8

subject to forfeiture based on a criminal offense 'vests in the United States upon the commission of the [offense].'" *Watts*, 786 F.3d at 166 (quoting 21 U.S.C. § 853(c) (alteration in original)). Since forfeitable property vests in the Government "immediately upon the commission of a criminal act, a third party may prevail under § 853(n)(6)(A) only by establishing that [s]he had a legal interest in the forfeited property *before* the underlying crime was committed—that is, before the government's interest vested." *Id.* (internal quotation marks and citation omitted) (emphasis in original).

The Court has adopted the magistrate judge's finding that proceeds from Defendant's fraud contributed to the purchase of the Property. *See*, M&O at 12; *See also*, Forfeiture R&R at 40-44. The magistrate judge specifically found that Defendant transferred $142,630 from one of his bank accounts to Villages of Windsor by Ansca for the purchase of the Property. *See*, Forfeiture R&R at 41. Petitioner now claims that, "[w]hile her son arranged the purchase [of the Property], all he provided were funds for renovation and upgrading the premises before closing." Opp'n at ¶ 6. However, whether Petitioner directly used Defendant's money for the purchase of the Property is inconsequential for criminal forfeiture analysis. In the fraud and money laundering context involving the forfeiture of real property, as is the case here, "courts have held that property can be forfeited when fraud proceeds are used to pay for expenses or improvements to that property." *United States v. Kenner*, 443 F. Supp.3d 354, 372 (E.D.N.Y. 2020) (citing *United States v. Schlesinger*, 261 F. App'x 355, 361 (2d Cir. 2008)).

Moreover, regardless of whether Petitioner has paid mortgages, taxes, and bills on the Property, she has failed to demonstrate that she had a priority of ownership of the Property at the time of the criminal offense. In *Watts*, the Second Circuit explained that:

> [A] petitioner is unlikely ever to prevail at an ancillary hearing under § 853(n)(6)(A) where the forfeited property consists of 'proceeds' derived from or

> traceable to a criminal offense. Because, by definition, the proceeds of an offense do not exist before the offense is committed, and because the government's interest under the relation-back doctrine immediately vests upon the commission of that offense, any proceeds that ensue from the criminal act belong to the government from the moment that they come into existence.

*Watts*, 786 F.3d at 166-67 (internal quotation marks and citations omitted).

In this case, the jury found that Defendant conspired to commit mail and wire fraud from December 1990 to November 2008, and money laundering from March 1997 to November 2008. *See*, Jury Verdict; Indictment at ¶¶ 18, 20. Additionally, the Court has found that the proceeds from the fraud contributed to the purchase of the Property. *See*, M&O at 12, 18. Accordingly, the Court finds that the Government's interest in the Property vested in December 1990, well before Petitioner's purchase of the Property in 2003 and the purported creation of a constructive trust in 2007. *See*, Pet. at ¶¶ 1-3. Petitioner has not articulated how an ancillary hearing or discovery will change the timing of the relevant events here. In order to state plausibly a claim to relief under § 853(n)(6)(A), Petitioner must allege that she has a superior interest in the Property, not just an ownership interest in the Property. *See*, *Watts*, 786 F.3d at 166-69. Therefore, the Government's motion to dismiss the Petition is granted pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A).

[REST OF PAGE LEFT BLANK INTENTIONALLY]

## **CONCLUSION**

For the reasons set forth above, the Government's motion to dismiss the ancillary petition of Jeanne Romano is granted, and the third party motion for a hearing to adjudicate the third party claim of Jeanne Romano is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
       February 2, 2022

                                               /s/
                                  DORA L. IRIZARRY
                               United States District Judge