UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

                                                     CR 09-0168 (S-2)(DLI)

- against -

MICHAEL ROMANO and
WILLIAM KEARNEY

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

JOHN J. DURHAM
UNITED STATES ATTORNEY
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

Diane C. Leonardo
Assistant United States Attorney,
    Of counsel

Date of service: March 14, 2025

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT BACKGROUND ................................................................................................. 1

STATUTORY FRAMEWORK................................................................................................. 3

STANDARD OF REVIEW ....................................................................................................... 6

STATEMENT OF FACTS ........................................................................................................ 7

ARGUMENT ............................................................................................................................. 9

POINT I:     CLAIMANT HAS NOT SET FORTH THE ELEMENTS OF A CONSTRUCTIVE TRUST AND HER CLAIM FAILS FOR LACK OF STANDING................ 9

    A.     The Elements of a Constructive Trust Under New York State Law........................ 9

    B.     The Elements of a Constructive Trust Under Florida State Law............................ 10

    C.     Claimant Did Not Show the Elements Necessary for the Court to Impose a Constructive Trust.................................................................................................... 10

        i.     Claimant Has Not Shown that Defendant Would be Unjustly Enriched ...................................................................................................... 12

POINT II   CLAIMANT CANNOT ESTABLISH THAT SHE HAS A RIGHT IN THE PROPERTY SUPERIOR TO THAT OF THE GOVERNMENT ............................................... 13

CONCLUSION.......................................................................................................................... 16

i

## TABLE OF AUTHORITIES

### Federal Cases

Almeida v. United States,
  459 F.3d 377 (2d Cir. 2006) ....................................................................................... 3

Anderson v. Liberty Lobby Inc.,
  477 U.S. 242 (1986) ............................................................................................... 6, 7

Counihan v. Allstate Ins. Co.,
  194 F. 3d 357 (2d Cir. 1999) .................................................................................. 9, 12

DSI Assocs. LLC v. United States,
  496 F.3d 175 (2d Cir. 2007) ...................................................................................... 3

Flaherty v. Massapequa Public Schools,
  752 F. Supp. 2d 286 (E.D.N.Y. 2010) ........................................................................ 7

In re Fetman,
  567 B.R. 702 (Bank. E.D.N.Y. 2017) ....................................................................... 10

In re First Cent. Fin. Corp.,
  377 F.3d 209 (2d Cir. 2004) ................................................................................ 10, 13

Nechis v. Oxford Health Plans, Inc.,
  421 F.3d 96 (2d Cir.2005) ........................................................................................ 11

Pacheco v. Serendensky,
  393 F.3d 348 (2d Cir. 2004) ................................................................................... 4, 5

In re Koreag, Controle et Revision S.A.,
  961 F.2d 341 (2d Cir.1992) ................................................................................. 11, 12

Shipping Funds I, LLC v. Icon Capital Corp.,
  921 F. Supp. 2d 94 (S.D.N.Y. 2013) ........................................................................ 10

United States v. Amiel,
  995 F.2d 367 (2d Cir. 1993) ...................................................................................... 4

United States v. BCCI Holdings (Lux.), S.A.,
  69 F. Supp. 2d 36 (D.D.C. 1999) ............................................................................... 4

United States v. Eldick,
  223 Fed. Appx. 837 (11th Cir. 2007) ........................................................................ 14

United States v. Lieberman,
  No. 3:15-CR-00161, 2024 WL 5399662 (D.N.J. July 9, 2024) .................................... 15

United States v. Mosca,
   No. 21-1209, 2023 U.S. App. LEXIS 27382 (2d Cir. October 16, 2023) ...................... 3, 9, 13

United States v. Nava,
   404 F.3d 1119 (9th Cir. 2005) ................................................................................. 5

United States v. Porchay,
   533 F.3d 704 (8th Cir. 2008) .................................................................................. 5

United States v. Ribadeniera,
   105 F.3d 833 (2d Cir. 1997) ...................................................................... 5, 6, 13, 14

United States v. Romano,
   794 F. 3d 317 (2d Cir. 2015) ................................................................................. 2

United States v. Romano,
   No. CR-09-168, 2022 U.S. Dist. LEXIS 19142 (E.D.N.Y. February 2, 2022) ......................... 2

United States v. Salti,
   579 F.3d 656 (6th Cir. 2009) ................................................................................. 5

United States v. Soreide,
   461 F.3d 1351 (11th Cir. 2006) ............................................................................ 4

United States v. Strube,
   58 F. Supp. 2d 576 (M.D. Pa. 1999) ........................................................................ 4

United States v. Timley,
   507 F.3d 1125 (8th Cir. 2007) .................................................................. 5, 6, 13, 14

United States v. Tucker,
   No. 16-CR-91, 2020 U.S. Dist. LEXIS 220578 (S.D.N.Y. November 24, 2020) ...................... 7

United States v. Watts,
   786 F.3d 152 (2d Cir. 2015) ............................................................................. 7, 12

Willis Mgmt. (Vermont), Ltd. v. United States,
   652 F.3d 236 (2d Cir. 2011) ................................................................................. 5

**State Cases**

Abreu v. Amaro,
   534 So. 2d 771 (Fla. Dist. Ct. App. 3d Dist. 1988) .................................................. 10

Bank of Am. v. Bank of Salem,
   48 So. 3d 155 (Fla. Dist. Ct. App. 1d Dist., Nov. 22, 2010) ....................................... 10

Bankers Sec. Life Ins. Soc'y v. Shakerdge,
   49 N.Y. 2d 939 (Ct. App. 1980) ........................................................................... 10

Plotnikoff v. Finkelstein,
 482 N.Y.S. 2d 730 (1st Dep't. 1984) ...................................................................... 11

Sanxhaku v Margetis,
 151 A.D.3d 778 (2d Dep't 2017) ............................................................................ 11

Silva v. De La Noval,
 307 So. 3d 131 (Fla. Dist. Ct. App. 3d Dist. 2020) ................................................ 10

**Federal Statutes**

18 U.S.C. §1349 ........................................................................................................... 2

18 U.S.C. § 1956(a)(1)(A) ........................................................................................... 2

18 U.S.C. § 1956(h) ..................................................................................................... 2

18 U.S.C. § 1957(b) ..................................................................................................... 2

18 U.S.C. § 1957(d)(1) ................................................................................................ 2

21 U.S.C. § 853(n) ................................................................................................. <u>passim</u>

**Federal Rules**

Fed. R. Civ. P. 56(a) .................................................................................................... 6

Fed. R. Civ. P. 56(c)(1) ................................................................................................ 6

Fed R. Crim. P. 32.2(c) ............................................................................................ 3, 6

Fed. R. Crim. P. 32.2(c)(1)(A) .................................................................................... 4

Fed. R. Crim. P. 32.2(c)(1)(B) .................................................................................... 4

**Federal Regulations**

26 C.F.R. § 1.401(a)(9)–2 (2011) .............................................................................. 15

Treas. Reg. § 1.401 (a)(9)-2 (2011) ........................................................................... 15

## PRELIMINARY STATEMENT

The United States of America (the "United States" or the "Government") respectfully submits this memorandum of law in support of its motion for summary judgment to dismiss the third-party petition (the "Petition") filed by Jeanne Romano ("Claimant"), the mother of Defendant Michael Romano ("Defendant). Docket Entries ("DE") 410-1, 587.

On May 27, 2021, a Preliminary Order of Forfeiture ("POF") was entered in the underlying criminal case forfeiting Defendant's interest in various assets and entering a forfeiture money judgment.  DE 574.  In relevant part, the POF ordered the forfeiture of the residence at 8154 Via Bolzano, Lake Worth, Florida ("8154 Via Bolzano" or the "Property").

In sum and substance, Claimant asserts that although the property is titled in Defendant's name, her interest in 8154 Via Bolzano arises pursuant to an oral agreement transferring title to Defendant pursuant to a constructive trust for her benefit.  See DE 587 ¶¶ 6,7.  Claimant admittedly does not possess legal title to 8154 Via Bolzano, and therefore, she cannot establish standing as required under 21 U.S.C. § 853(n).  Instead, Claimant seeks an equitable remedy from the Court through the imposition of a constructive trust.  Even assuming arguendo that Claimant was able to establish the existence of a constructive trust, other than her unsupported self-serving statements, she has not shown that she is a bona fide purchaser for value of the Property. Claimant failed to set forth the elements of a constructive trust and failed to prove, as she must, that she has in interest in 8154 Via Bolzano that is greater than that of the Government.

## RELEVANT BACKGROUND

Defendant was engaged in a wire and mail fraud conspiracy and a money laundering conspiracy to defraud customers through the purchase of fraudulently valued gold coins during the period of January 1990 through November 2008.  See DE 168, 295.  Defendant was convicted after a jury trial of both counts of the Second Superseding Indictment, charging mail

and wire fraud conspiracy in violation of 18 U.S.C. §1349; and a money laundering conspiracy in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A), 1957(b), and 1957(d)(1). See DE 168; DE 295. Defendant's conviction and sentence were subsequently affirmed on appeal.  See United States v. Romano, 794 F. 3d 317 (2d Cir. 2015).

After briefings on the amount of the forfeiture money judgment and the forfeiture of specific assets (DE 355, 356, 357, 358), oral argument on May 8, 2013, and subsequent briefings (DE 362, 363), the Honorable Vera M. Scanlon, United States Magistrate Judge, issued a report and recommendation recommending the forfeiture of, inter alia, defendant's right, title, and interest in 8154 Via Bolzano.  DE 373.  The report and recommendation was adopted by this Court (DE 556) and the POF, directing the forfeiture of all defendant's right, title, and interest in 8154 Via Bolzano, was so-ordered.  DE 574.  The report and recommendation noted that Defendant did not object to the forfeiture of specific assets, including 8154 Via Bolzano, during the course of the forfeiture proceedings.  See DE 373 at p. 41. Defendant's objections to the report and recommendation, in relevant part, claimed that 8154 Via Bolzano was a **gift** to Defendant. See DE 375 at pp. 2-3 ("In December 2007 when both Michael Romano's father and mother were experiencing severe health problems, Mrs. Romano [Claimant] deeded the Via Bolzano property to the defendant as a **gift**.") (emphasis supplied).

Claimant prematurely filed a third-party petition on April 22, 2014 (DE 410-1) and subsequently refiled a second petition on July 28, 2021, asserting her interest in 8154 Via Bolzano. DE 587.

This Court granted the Government's motion to dismiss the petition. United States v. Romano, No. CR-09-168, 2022 U.S. Dist. LEXIS 19142 (E.D.N.Y. February 2, 2022); DE 619. Claimant appealed.  In a consolidated appeal, the Second Circuit affirmed this Court's adoption

2

of the report and recommendation regarding the decision on Defendant's restitution and forfeiture, but vacated and remanded the third party ancillary proceeding because "accepting [Claimant's] petition as true, as we must, she plausibly stated the terms of a constructive trust under Florida law, including that it would be against equity for Michael Romano to retain possession of the property in order to satisfy part of his forfeiture" and "plausibly pleaded that she has a superior interest in the property." United States v. Mosca, 2023 U.S. App. LEXIS 27382, *6-7 (2d Cir. October 16, 2023).

## STATUTORY FRAMEWORK

The post-trial ancillary proceeding affords a claimant an opportunity to establish their legal right, title or interest in criminally forfeited property. See 21 U.S.C. § 853(n); Fed R. Crim. P. 32.2(c). Section 853(k) ensures an orderly process by establishing Section 853(n) as the exclusive procedure for determining third-party rights in criminal forfeiture cases, and expressly barring third parties from contesting the forfeiture in any other forum. See DSI Assocs. LLC v. United States, 496 F.3d 175, 183 (2d Cir. 2007) (following other circuits in holding that "third parties may not intervene during criminal forfeiture proceedings to assert their interests in the property being forfeited," and Section 853(n) "provides the exclusive means by which a third party may lay claim to forfeited assets – after the order of forfeiture has been entered"); De Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006) (Section 853(k) makes it clear that the third-party must wait until ancillary proceeding to assert his rights). In order to trigger the commencement of a third-party ancillary proceeding, the government must first publish notice of the forfeiture order and send notice to potential claimants. Fed. R. Crim. P. 32.2(b)(6)(A); 21 U.S.C. § 853(n)(2) ("Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under [21 U.S.C.

3

§ 853(n)(1)], whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.").

A petition must set forth all legal bases for interests claimed in property subject to forfeiture.  21 U.S.C. § 853(n)(3); see also United States v. BCCI Holdings (Lux.), S.A., 69 F. Supp. 2d 36, 55 (D.D.C. 1999) (collecting cases in which petitions filed under Section 1963(l) were dismissed for failure to identify nature of interest claimed).  All grounds for recovery must be set forth within the petition, and a claimant may not later amend the petition to assert additional grounds for relief.  See, e.g., United States v. Soreide, 461 F.3d 1351, 1355 (11th Cir. 2006) (holding that claims not asserted in petition were statutorily time-barred); United States v. Strube, 58 F. Supp. 2d 576, 585 (M.D. Pa. 1999) (rejecting third-party claims as untimely because they were not raised in petition but first asserted in response to government's motion to dismiss).  A petition will therefore succeed or fail in its original and unamended form, particularly since courts require "strict compliance" with the rules and deadlines governing forfeiture proceedings.  See United States v. Amiel, 995 F.2d 367, 371 (2d Cir. 1993) (collecting cases applying "strict compliance" standard).

The ancillary proceeding closely resembles a civil action and, as such, is generally governed by the same procedures as those set forth in the Federal Rules of Civil Procedure.  See, e.g., Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004) (commenting that civil procedures aid efficient resolution of claims in ancillary proceeding).  Pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), the government may first file a motion to dismiss Claimant's petition "for lack of standing, for failure to state a claim, or for any other lawful reason."  In the event that Claimant's petition survives a motion to dismiss, the government is entitled pursuant to Fed. R. Crim. P. 32.2(c)(1)(B) to conduct discovery that "is necessary or desirable to resolve factual

4

issues."  In order to advance a claim in an ancillary proceeding, a third-party claimant must first establish a "legal interest" in a particular asset identified in an order of forfeiture, within the meaning of 21 U.S.C. § 853(n)(2).  United States v. Ribadeniera, 105 F.3d 833, 834-35 (2d Cir. 1997); see also United States v. Salti, 579 F.3d 656, 667 n.11 (6th Cir. 2009) (holding that standing must be supported in same way as any other matter on which claimant bears burden of proof) (citation and internal quotation marks omitted); United States v. Timley, 507 F.3d 1125, 1129-30 (8th Cir. 2007) ("A party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate a legal interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture.") (internal citation omitted).  Only after a claimant makes a threshold showing of standing under Section 853(n)(2) may a court reach the merits of a claim, at which point the court must determine whether the claimant has met her burden of showing that her legal interest is a "superior interest" as compared to the government's interest at the time of the acts giving rise to forfeiture.  Pacheco, 393 F.3d at 351 ("burden ultimately falls on the petitioner to prove her claim by a preponderance of the evidence"); United States v. Porchay, 533 F.3d 704, 709 (8th Cir. 2008) ("To prevail in the § 853(n) claim, [claimant] had to demonstrate by a preponderance of the evidence that she had a superior right, title, or interest in the seized property . . . ."); United States v. Nava, 404 F.3d 1119, 1125 (9th Cir. 2005) ("The petitioner bears the burden of proving his right, title, or interest under section 853(n)(6).").

Legal interest is not defined by federal law; rather, "[s]tate law determines a petitioner's interest in the property at issue." Willis Mgmt. (Vermont), Ltd. v. United States, 652 F.3d 236, 242 (2d Cir. 2011) (citing Pacheco, 393 F.3d at 353–56).  If a third-party petitioner possesses no legal interest under applicable state law the claim must be dismissed for lack of standing. See

Ribadeneira, 105 F.3d at 835; Timley, 507 F.3d at 1130 (distinguishing between "legal interest" required for claimant to establish standing under Section 853(n)(2), and "superior legal interest" required for claimant to ultimately prevail on merits under Section 853(n)(6))…"If the claimant has no interest under state law, the inquiry ends, and the claim fails for lack of standing.").

## STANDARD OF REVIEW

Ancillary proceedings are governed by Federal Rule of Criminal Procedure 32.2(c), which provides, in pertinent part:

> After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.

Fed R. Crim. Proc. 32.2 (c)(1)(B).

Rule 56(a) of the Federal Rules of Civil Procedure provides that a party may move for summary judgment on all or part of the claims against it.  The moving party must support the facts that it is asserting cannot be genuinely disputed by citing to the particular parts of the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other material.  Fed. R. Civ. P. 56(c)(1).  To dispute an asserted fact, the non-moving party must demonstrate that there is a genuine dispute by citing to particular parts of materials in the record or show that the materials cited by the moving party do not establish the absence of genuine dispute or that the moving party cannot produce admissible evidence to support the fact.  Id.  A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-48 (1986) (discussing the standard, which previously was set forth in former Rule 56(c)).

6

For a fact to be material, it must affect the outcome of the action under the governing substantive law; a dispute about an irrelevant fact cannot preclude entry of summary judgment. Anderson, 477 U.S. at 248.  A dispute of fact must also be "genuine." Id. at 248.  This means it must be supported by evidence on which the jury could reasonably find for the non-moving party.  Id. at 252.  The mere existence of a "scintilla of evidence" in support of the non-moving party's position cannot forestall summary judgment.  Id. at 252.  The non-moving party cannot survive summary judgment "by casting mere metaphysical doubt upon the evidence produced by the moving party."  Flaherty v. Massapequa Public Schools, 752 F. Supp. 2d 286, 294 (E.D.N.Y. 2010) (internal quotation marks and citation omitted), aff'd 462 Fed. Appx. 38 (2d Cir. 2012).

In a forfeiture proceeding, the petitioner has the burden to prove her legal right, title or interest in the property by a preponderance of the evidence.  21 U.S.C. § 853(n)(6); United States v. Watts, 786 F.3d 152, 160 (2d Cir. 2015). Specifically, the petitioner must prove that "the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section . . . ." United States v. Tucker, No. 16-CR-91, 2020 U.S. Dist. LEXIS 220578, *9-10 (S.D.N.Y. November 24, 2020) (Castel, J.) (citing 21 U.S.C. § 853(n)(6)(A)).

## STATEMENT OF FACTS

Relevant facts are set forth in the United States' Statement Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("USA 56.1 Stmt."), dated March 14, 2025, and are incorporated herein by reference. The United States also incorporates by reference the exhibits attached to the Declaration of Diane C. Leonardo, dated March 14, 2025 ("Leonardo Decl.") submitted in support of its motion.

Defendant purchased the Property in April 2003 for $457,740. See Leonardo Decl., Exhibit 1, USA0003, 103-4. Defendant made periodic contractual payments on the Property. See Leonardo Decl., Exhibit 1 at USA0013 (Michael Romano check for $80,380), USA0014 (Wall Street Rare Coins check for $2000); USA0015 (Michael Romano check for $27,460); and USA0132 (Michael Romano check for $34,700).[1] On March 24, 2004, the purchase contract was amended to include Claimant as an additional purchaser, along with Defendant as the purchaser. Id. at USA0105. On the date of the closing for the Property, the Warranty Deed only listed the builder as the grantor and Claimant as the grantee. Id. at USA 0002.  Claimant thereafter deeded the Property to Defendant in 2007. DE 587 at ¶ 6.

Claimant alleged that she used $65,000 funds from her IRA and from an inheritance toward the purchase of the Property and to pay down the mortgage. Leonardo Decl. Exhibit 2 at p. 29-31.  Claimant also alleged that she received and kept a cash inheritance of between $130,000 and $150,000 from her mother hidden in a bag.  Leonardo Decl., Exhibit 2 at pp. 21, 22, 30, 32. Despite Claimant's assertion that she put down $65,000 toward the down payment on the Property, she had no record of such a payment and that payment was not reflected in the records received from the seller. See, generally, Leonardo Decl., Exhibit 1, USA0001-0134;[2]

---

[1] The personal checks from Michael Romano were drawn on J.P. Morgan Chase bank account ending in 0025, an account that this Court determined was traceable to the fraud proceeds and subsequently funded the purchase of 8154 Via Bolzano. See DE 355-7, 373 at p. 41.

[2] Notwithstanding Claimant's assertion that she no longer had records regarding the Property or the monies used toward the purchase and subsequent mortgage payments, during discovery, Claimant produced 188 pages of limited, assorted pay stubs, bank statements and notes of payments dating back to 2004. In addition, in her petition dated July 28, 2021, she alleged she maintained records of repayments to Defendant, none of which have been produced. See DE 587 at ¶ 2.

Exhibit 2 at p. 30.  Other than unsupported, self-serving statements, Claimant did not have records of the funds she allegedly used to pay down the principle of the mortgage.

## ARGUMENT

### POINT I

### CLAIMANT HAS NOT SET FORTH THE ELEMENTS OF A CONSTRUCTIVE TRUST AND HER CLAIM FAILS FOR LACK OF STANDING

In remanding this matter, the Second Circuit found that, at the motion to dismiss stage, and "[a]ccepting Jeanne Romano's petition as true, as we must, she plausibly stated the terms of a constructive trust under Florida law, including that it would be against equity for Michael Romano to retain possession of the property in order to satisfy part of his forfeiture." Mosca, 2023 U.S. App. LEXIS 27382, at *6-7. The Second Circuit further directed that "[i]f the district court determines that Jeanne Romano has standing, the district court must determine what interest Michael Romano had in the property under Florida law." Id. at *7.

The elements of a constructive trust under New York State law and Florida law, where the property is located, are similar.  Under the law of either jurisdiction, Claimant failed to meet the requirements of a constructive trust to establish an interest in 8154 Via Bolzano under state law.  Accordingly, Claimant lacks standing and her Petition should be dismissed.

A.    The Elements of a Constructive Trust Under New York State Law

The elements of a constructive trust are: "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment."  Counihan v. Allstate Ins. Co., 194 F. 3d 357, 362 (2d Cir. 1999).  To succeed on a constructive trust claim, the party seeking the imposition of a constructive trust must show that the property is "held under circumstances that render unconscionable and inequitable the continued holding of the property," and "the remedy is essential to prevent unjust enrichment." Id. at 361-62.  "With respect to

9

constructive trusts specifically, New York courts have clarified that as an equitable remedy, a constructive trust should not be imposed unless it is demonstrated that a legal remedy is inadequate." In re First Cent. Fin. Corp., 377 F.3d 209, 215 (2d Cir. 2004); N. Shipping Funds I, LLC v. Icon Capital Corp., 921 F. Supp. 2d 94, 107 (S.D.N.Y. 2013).

B.    The Elements of a Constructive Trust Under Florida State Law

Pursuant to Florida state law, courts may impose a constructive trust, under a clear and convincing standard of proof of: (1) a promise, express or implied; (2) transfer of the property and reliance thereon; (3) a confidential relationship; and (4) unjust enrichment. Abreu v. Amaro, 534 So. 2d 771, 772 (Fla. Dist. Ct. App. 3d Dist. 1988); Bank of Am. v. Bank of Salem, 48 So. 3d 155, 158 (Fla. Dist. Ct. App. 1d Dist. 2010); Silva v. De La Noval, 307 So. 3d 131, 134 (Fla. Dist. Ct. App. 3d Dist. 2020).

C.    Claimant Did Not Show the Elements Necessary for the Court to Impose a Constructive Trust

Claimant did not allege that she was fraudulently induced to transfer title to the property. Indeed, it was the Claimant's idea to transfer properties to her children, including Defendant, her son . See Leonardo Decl., Exhibit 2 at p. 61. Assuming, arguendo, that Defendant "promised" or intended to return title to the property upon Claimant's request,[3] "New York law is clear that a constructive trust is an equitable remedy intended to be 'fraud-rectifying' rather than 'intent-enforcing.'" In re First Cent. Fin. Corp., 377 F.3d at 216 (citing Bankers Sec. Life Ins. Soc'y v. Shakerdge, 49 N.Y. 2d 939, 940 (Ct. App. 1980), In re Fetman, 567 B.R. 702, 706 (Bank. E.D.N.Y. 2017) ("That is, a constructive trust should not be imposed merely to give effect to a

---

[3] For the purposes of this motion, the government addresses the elements of fraudulent conduct and unjust enrichment, but does not concede that Claimant has shown the existence of the remaining elements of a constructive trust.

prior agreement, but instead should be reserved for situations in which a party's misconduct gives rise to his unjust enrichment."); See Plotnikoff v. Finkelstein, 482 N.Y.S. 2d 730, 732 (1st Dep't. 1984) (in the absence of fraud, imposition of a constructive trust for property titled by mother in daughter's name was not warranted); Sanxhaku v Margetis, 151 A.D.3d 778, 779-780 (2d Dep't 2017) ("Among other things, the evidence adduced at the hearing demonstrated that the defendant's intention at the time of the transfer was to provide each of her children with a residential property in Brooklyn as a gift, and that the defendant had sufficient means to make such a transfer and thereafter provide for her own financial needs.").

Claimant does not allege that she was fraudulently induced to transfer title to 8154 Via Bolzano to Defendant.  Indeed, according to Claimant, the title transfer was done for estate planning purposes with the assistance of her attorney.  See DE 587 Petition at ¶¶ 6,7.[4]  Claimant also deeded her current residence at 9 Lilac Lane, Levittown, New York initially to Vincent Romano and subsequently to her daughter and granddaughter.  Leonardo Decl., Exhibit 2 at p. 61.  In the absence of any allegations that the title transfer of 8154 Via Bolzano was fraudulent, the imposition of a constructive trust is not warranted.

Further, Claimant obtained her interest in the property through the use of proceeds of Defendant's wire fraud and money laundering conspiracies. As the Second Circuit has explained:

> Entitling its beneficiary to any property acquired by the use of funds stolen from him, a constructive trust arises "when, in the eyes of equity, a plaintiff is the true owner of ... [the] property" at issue due to his right to the underlying assets from which it derives. Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 103 (2d Cir.2005) (internal quotation marks omitted). In these circumstances, the trust "confers on the true owner of the property an equitable interest in the property superior to" that of anyone who claims a later interest, In re Koreag, Controle et Revision S.A., 961 F.2d 341, 352 (2d Cir.1992) (internal quotation marks omitted)—including, in effect, the government under § 853(c). That equitable

---

[4] Claimant also asserted that in 2007, she was in "declining health" (DE 587 at ¶ 6), yet she also alleged she continued to work full time, and overtime, as a nurse until 2012, when she retired at the age 72-73.  Leonardo Decl., Exhibit 2 at pp. 9-10.

11

rationale does not apply where, far from representing the fruits of the third party's own lawful assets, the property subject to forfeiture would never have vested in the third party in the first instance absent the defendant's criminal activity.

Watts, 786 F.3d at 168.

Similarly, an "equitable rationale" should not apply here where Claimant's interest never vested absent the Defendant's criminal activity. In addition, as discussed below, Claimant was unable to prove, by a preponderance, that she advanced any funds toward the purchase of the Property or that she used her own funds to pay down the mortgage.

i.      Claimant Has Not Shown that Defendant Would be Unjustly Enriched

Further, Claimant has not shown that defendant would be unjustly enriched. To state a claim for unjust enrichment, "generally, is that a party hold[s] property under such circumstances that in equity and good conscience he ought not to retain it." In re Koreag, Controle et Revision S.A., 961 F.2d at 354; Counihan, 194 F.3d at 362 ("What the New York courts do insist upon is a showing that property is held under circumstances that render unconscionable and inequitable the continued holding of the property and that the remedy is essential to prevent unjust enrichment.").

Claimant made clear that her intention was to leave the property to Defendant in the event of her death. See DE 587 at ¶¶ 6, 7; Leonardo Decl., Exhibit 2 at p. 61 ("If I pass away they get the house or whoever was named gets the house."). Claimant alleged that Defendant understood that the title would only transfer back to her in the event she needs to sell the property to assist with her medical care. Id. at ¶¶ 7, 8. In light of Claimant's intention to transfer the property to Defendant for estate planning purpose, she cannot now claim that defendant "in equity and good conscience" should not retain title. Further, Defendant claimed that Claimant gave him 8154 Via Bolzano as a "**gift**." See DE 375 at pp. 2-3 ("In December 2007 when both

12

Michael Romano's father and mother were experiencing severe health problems, Mrs. Romano [Claimant]deeded the Via Bolzano property to the defendant as a **gift**.") (emphasis supplied).

Finally, Claimant has not alleged or proven that she is without remedies outside of the imposition of a constructive trust. See In re First Cent. Fin. Corp., 377 F.3d at 215 ("With respect to constructive trusts specifically, New York courts have clarified that [a]s an equitable remedy, a constructive trust should not be imposed unless it is demonstrated that a legal remedy is inadequate.") (internal citation omitted).

Accordingly, in the absence of showing an interest under state law, Claimant lacks standing and the Petition should be dismissed. Timley, 507 F.3d at 1130 ("If the claimant has no interest under state law, the inquiry ends, and the claim fails for lack of standing.").

## POINT II

### CLAIMANT CANNOT ESTABLISH THAT SHE HAS A RIGHT IN THE PROPERTY SUPERIOR TO THAT OF THE GOVERNMENT

In its remand, the Second Circuit held that "Jeanne Romano has also plausibly pleaded that she has a superior interest in the property." Mosca, 2023 U.S. App. LEXIS 27382, at *7. However, after discovery, Claimant, even assuming *arguendo* that she was able to establish that the Property is held in a constructive trust, cannot show that she is a bona fide purchaser for value or that she contributed to the purchase of the Property. See 21 U.S.C 853 (n)(6).

If a third-party petitioner demonstrates that it has standing, it must then prove the merits of its claim either by demonstrating priority of ownership of the forfeited property at the time of the offense under Section 853(n)(6)(A), or by demonstrating that it acquired the property subsequently as a bona fide purchaser for value under Section 853(n)(6)(B). Timley, 507 F.3d at 1130; Ribadeniera, 105 F.3d at 834-35.

13

Here, Defendant executed the contract for the purchase of the Property on April 23, 2003. See Leonardo Decl., Exhibit 1 at USA0103. Defendant made four contractual payments to the Property from monies derived from the proceeds of his wire fraud and money laundering conspiracies. Id. at USA0013, 0014, 0015, 0132. At the time of the closing, the contract was amended to include Claimant as an additional purchaser. Id. at p. 101.

"Under the relation-back doctrine, title to the forfeited property vests in the United States at the time of the defendant's criminal act." Timley, 507 F.3d at 1130. "In order to have a superior interest [under Section 853(n)(6)(A)], then, the claimant must have had a legal right, title, or interest in the forfeitable properties that preceded the commission of the crime that gave rise to the forfeiture of that property." United States v. Eldick, 223 Fed. Appx. 837, 840 (11th Cir. 2007); see also Timley, 507 F.3d at 1130 ("a third party who had a legal interest in the forfeited property before the underlying crime was committed can prevail... [because] he had an interest in the property before the government's interest vested").

Here, Claimant did not have a legal interest in the Property prior to the commission of Defendant's crimes. Accordingly, she would have to prove that she was a bona fide purchaser for value of the Property under 21 U.S.C. § 853 (n)(6)(B).

Claimant did not produce any checks, bank statements or any information regarding funds she purportedly used to "repay" Defendant. On July 28, 2021, Claimant verified that she maintained written records of repayment to Defendant. See DE 587 at ¶ 2. Yet, in response to the Government's document demands, she produced just 5 non-consecutive bank statements, random pages of checks dating back to 2006, and her handwritten, somewhat illegible, notebook of payments. There are no discernible "notes" of repayments to Defendant and indeed, Claimant acknowledged that she did not make such notes. See Leonardo Decl., Exhibit 2 at p. 37.

14

Although mortgage for $175,000 was in Claimant's name, she did not produce any records that showed she was the person actually paying the mortgage. Of the records produced by Claimant, none support her assertion that she paid-off the mortgage of $175,000 between 2004 and 2007 in three years through IRA withdrawals and an inheritance from her mother. First, Claimant's contention that she received a cash inheritance from her mother, of which she had no records and indeed, admittedly did not deposit any alleged cash inheritance, is belied by the fact that her mother did not die until 2009, years after Claimant paid off the mortgage. Second, Claimant's contention that she took withdrawals from her IRAs because at a "certain age you have to start collecting" is belied by the fact that she did not turn 70 years old until 2009, when a required minimum distribution would be required, again after the mortgage was paid off. Leonardo Decl. Exhibit 2 at p. 21; see 26 C.F.R. § 1.401(a)(9)–2; Treas. Reg. § 1.401 (a)(9)-2 (2011).

Because of the lack of any supporting documentation, Claimant cannot show that she purchased the Property for value. See United States v. Lieberman, No. 3:15-CR-00161, 2024 WL 5399662, at *8 (D.N.J. July 9, 2024) ("[W]hen examining § 853(n)(6)(B), Petitioner has failed to show that she contributed any funds to the purchase of the Subject Property such that she was a bona fide purchaser for value.").

15

**CONCLUSION**

For the foregoing reasons, summary judgment should be granted and the Claimant's

petition should be dismissed.

Dated: Central Islip, New York
      March 14, 2025

                                      Respectfully submitted,
                                      JOHN J. DURHAM
                                      United States Attorney

                    By:    /s/ Diane C. Leonardo
                                  Diane C. Leonardo
                                  Assistant U.S. Attorney
                                  (631) 715-7854

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(c)**
**OF THE UNITED STATES DISTRICT COURTS**
**FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK**

     This brief complies with the word-count limitations set forth in Local Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York because the brief contains 4,983 words, excluding the parts of the brief exempted by the rule.

         By:    /s/ Diane C. Leonardo
                 Diane C. Leonardo
                 Assistant U.S. Attorney
                 (631) 715-7854