# EXHIBIT 3

DECLARATION

My name is Michael Romano. My mother is Jeanne Romano, and my sister is Celia Wells. I am a defendant in a case known as *United States v. Michael Romano and William Kearney*, Case No. 09-168 (S-1) (DLI), in the United States District Court for the Eastern District of New York.

I hold the title to certain real property known as 8154 Via Bolzano, Lake Worth, Florida ("the Property"). The government has sought to seize the Property, but my mother, Jeanne Romano, has asserted her ownership interest as being superior to the government's claim.

Sometime before 2003, my parents, who lived in Levittown, New York, were looking to buy a second home that would eventually become their full-time residence. My mother asked me to go to Florida and find a suitable place for them. I did so, ultimately identifying the Property. At the time, the house on the Property was under construction.

My mother closed on the Property, taking title in April 2003. After that, she visited Florida several times to inspect the property as construction continued. I wanted to see the property customized with plenty of amenities for my parents, so I ordered several upgrades from the builder as the home was constructed, including the installation of an in-ground swimming pool. I did this as a surprise, revealing my efforts after the work was completed as my gift to them.

That turned out to be a huge mistake. My mother was furious about what I had done, especially concerning the installation of the pool. My father had undergone a laryngectomy, so he could not use the pool. My mother believed I had been thoughtless for installing a pool without asking for their permission, thinking it would serve as a constant reminder of his

Declaration of Michael Romano
Page 2 of 4

disability. While I don't believe my father felt that way, my mother—who is quite strong-willed—was angry with me for my actions. She kept saying, 'Your father can't even go in the pool. Why would you put something like that in? That's like bringing someone to a restaurant who can't eat.' Then she added, 'You should have discussed this with me.' She had sent me to Florida to find a place for them to buy as a retirement home, so I signed for the upgrades, thinking I had her authority to do so.

My mother did not think I did. She said that it was her house and that she was going to pay me back every cent of the $143,000 I had spent. She did not make the offer out of affection; rather, she was angry.

She paid me back in full. I know this because I maintained a ledger of the payments, which she made by check and, occasionally, by cash as well. Her payoff was complete by 2007 at the latest because I recall that she paid off her mortgage on the Property that year, and that was after she had paid me back.  I recall that she said that her philosophy was that she was paying more in interest with a bank than she was getting in her account. I recall that she was careful with money and worked two jobs for years, as well as having inherited from her deceased mother's estate.

In the mid-2000s, my mother was traveling in Europe. While in Amsterdam, she was crossing a street when she was struck by a motorcycle. She spent about 10 days in intensive care in the Netherlands and then had to be returned to the United States on a medical evacuation flight.

Although she recovered, the accident affected her thinking profoundly. One manifestation, she told me, was that she began focusing on her estate plans. In 2007, she went to

Declaration of Michael Romano
Page 3 of 4

our longtime family attorney, Dominick Pelle, to make estate plans. He advised her to deed her real estate to her children. my mother deeded the Property to me. I was unaware that she intended to until after the fact, when she told me that she had deeded the Via Bolzano property to me and her residence in Lilac Lane in Levittown, New York, to my brother Vincent.

She mentioned that Mr. Pelle had advised her to do so as part of her estate planning. She said that he had explained that she could take the Property (and her Lilac Lane house) back if she needed to, but the transfers now were part of her plan to minimize the time and expense of probate and federal and state estate taxes.

My mother has previously said that her children (which included me) were present for the discussion she had with Mr. Pelle, but I was not present for the transfer.

I turned over my records of the repayments I received to my attorney at the time in or prior to 2014. I have since been told that the records have been destroyed. However, the government seized my personal file labeled "8154 Via Bolzano," and the original ledger was in that file.

Later, through my lawyer, I requested that the government give me back my personal files. We were allowed to go to their offices to retrieve them. The postal inspector was there with a box he told me contained my personal files. However, the only items in the box were several operating manuals for my computer and car and deeds or titles to my boats. The only other things in the box were empty file folders.

My mother arranged for a family friend to rent the Property, and he remains in the Property to this day. I never paid anything on the Property, taxes, water, sewer, electricity or gas.

Declaration of Michael Romano
Page 4 of 4

I have had nothing to do with the Property from the day it was built and the pool completed to where it stands right now.

So much time has elapsed that I don't really recall much about the repayments, but I would have deposited them in my personal checking account. The government obtained all of the records for that account when it seized it. I recall seeing copies of some of those checks in the discovery, as well as the government's inference maybe I was laundering cash through my mother. I laughed about the suggestion because I knew the payments had to do with the Property, and its forfeiture was not an issue at that point.

The statements of fact made herein are true, under penalty of perjury.

Executed March 3, 2025

Michael Romano
Reg. No. 72246-053
FCI Fairton
P.O. Box 420
Fairton, NJ  08320