# EXHIBIT 4

DECLARATION

I am Celia Wells, daughter of Jeanne Romano and sister of Michael Romano. Michael is a defendant in a matter known as *United States v. Romano*, Case No. 09-cr-168 in the United States District Court for the Eastern District of New York. I reside at 32 Cove Lane, Levittown, NY.

I am Senior Director of Nursing at Mount Sinai Medical Center, New York, NY. I hold a Ph.D. in nursing, with a focus on research and nursing education from Adelphi University, and a master's degree in education.

In 2007, my mother, my brother Michael and I met with our family attorney, Domenick Pelle. My mother was concerned about her estate planning. Over the years, she had been very generous with monetary gifts to me when I needed them, leaving me feeling that I had been treated very fairly. She now wanted to endorse her property that she owned to Michael who was to receive a home located at 8154 Via Bolzano, Lake Worth, Florida.

My mother was concerned that she might need the proceeds from selling the properties or the income from them in the future, if her health deteriorated and she required it. She said she might have to ask for either or both of the properties to be returned to her. We all understood that, Michael said they were accepting title with that understanding. Michael paid my mother nothing for the properties.

Mr. Pelle said that when people agreed to such terms, they were forming a trust of some kind, and courts recognized that it was for the benefit of the people making the conveyance.

My mother has done much the same with some of her personal property. She has given me substantial items of jewelry, and then directed me to give those to other relatives after she passes

*-- Declaration, Page 1 --*

away. I have accepted the jewelry to hold with that understanding. She did not put it in writing, but I acknowledge it to be a commitment to which I am bound.

I know that my mother has paid the taxes and fees connected to the home since she conveyed it to Michael. I also know she rents out the property, and collects the rents herself.

The foregoing statement is true, under penalty of perjury.

Executed July 20th, 2021

_____
Celia M. Wells

*-- Declaration, Page 2 --*

# EXHIBIT 5

DECLARATION

I, Domenick A. Pelle, a member of the New York State Bar since 1953, actively engaged in the practice of law, with offices at 1003 Park Blvd. Massapequa Park, N.Y. 11762

In 2007, I was consulted by Jeanne Romano to assist her with some estate planning matters. Mrs Romano felt that due to her age and health it was a burden for her to deal with the duties required to maintain two properties. Mrs. Romano desired to convey two parcels of real estate to two of her sons, one to each, but was concerned that if for any reason she wanted the parcels returned to her that her sons would reconvey the properties to her. She confided that the sons may marry and their circumstances change. One of the parcels was a home located at 8154 Via Bolzano, Lake Worth, Florida 33467-5232.

Mrs. Romano stated that the boys were probably going to inherit the properties in any event. I assured Mrs. Romano that if she conveyed title to a property to her son, with the promise by the son that the property be reconveyed to her without consideration when she demanded it, that the Courts of New York would enforce that promise based upon the familial confidential relationship between a mother and her sons. It is called a constructive trust under New York law. Over the years, I have been involved in a number similar conveyances.

Mrs. Romano said that based on my explanation, and a promise to reconvey by her sons she was conveying the property known as 8154 Via Bolzano, Lake Worth, Florida 33467-5232, to Michael Romano, subject to her being able to regain title if when she wanted reconveyance.

The foregoing statement is true, under penalty of perjury.

Executed July _____, 2021

_____
Domenick A. Pelle