**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>v.<br>**MICHAEL ROMANO,**<br>Defendant. | **No. 09-CR-168 (DC)**<br>**PRO SE LETTER MOTION REGARDING USPIS-HELD PROPERTY (LIMITED RELIEF REQUESTED)** |

RECD IN PRO SE OFFICE
SEP 9 26 PM3:

September 3, 2026

RECEIVED
SEP 09 2026
PRO SE OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 09 2026 ★
BROOKLYN OFFICE

*Via Pro Se Submission*

Honorable Denny Chin
United States Circuit Judge
c/o United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *United States v. Romano, No. 09-CR-168 (DC)*

Dear Judge Chin:

Defendant Michael Romano respectfully submits this pro se letter motion concerning the coins held by the United States Postal Inspection Service (USPIS) under USPIS Case No. 1620347 and Seizure No. 109-26-D008. He requests a limited order that preserves the status quo, permits the Government's existing status process to continue, and provides a direct path for any net proceeds to reach victim restitution through the Clerk of Court.

This motion presents the favorable record of Romano's compliance and rehabilitation, the adverse treatment documented in the federal record, and the Government's current nonresponse. It does not ask the Court to revisit Romano's conviction, sentence, or the merits of the prior habeas case. Romano seeks no return of property and no payment to himself.

**RELIEF REQUESTED**

Romano respectfully asks the Court to:

**1.** direct that, until the Court reviews the Government's September 10, 2026 status report and enters a further order, the property remain in USPIS custody and no final sale, transfer, release, abandonment, destruction, or other final disposition occur; USPIS may continue ordinary safekeeping, inventory, valuation, and sale-preparation work;

**2.** require the Government's already-authorized September 10 status report to state the property's current custody and status, the status of Romano's claim under 39 C.F.R. § 946.8, and whether the Government and USPIS accept Romano's August 14 proposal or prefer another lawful form for the same victim-directed result; and

**3.** after reviewing that report, enter a limited order authorizing Romano's claim withdrawal for the purpose stated by the Government, permitting USPIS to use its ordinary lawful procedures to value and sell the property, directing the net proceeds to the Clerk of Court identified with this case and applied to restitution, and providing customary confirmation of the amount transmitted and the restitution credit entered.

Romano requests no separate appraisal method, sale timetable, fee restriction, bidder rule, or broad accounting requirement. The requested order would preserve the property while leaving ordinary administration to USPIS.

**GOVERNING RECORD AND NEED FOR A LIMITED ORDER**

The amended judgment imposes restitution and directs payment through the Clerk of Court. (DE 578; DE 578-2.) According to the Government, USPIS sent Romano notice on May 26, 2026; the notice reproduced in DE 751 is dated

May 27, 2026. It identified Romano as a possible owner of numerous coins seized in 2008. Romano timely submitted a claim on June 19, 2026, and filed notice with this Court. (DE 751 at 4, 8, 10-13.)

At the March 19, 2026 hearing, the Court stated that the restitution order had been entered and that collection remained unresolved. Government counsel confirmed that the restitution order had been entered. Transcript of Mar. 19, 2026 Oral Argument at 3:12-19, United States v. Romano, No. 09-CR-168 (DC) (E.D.N.Y.), filed as Exhibit A to Document 53, No. 25-1876 (2d Cir. Apr. 8, 2026) ("Tr.").

The Government's July 30 response states that the coins were inadvertently omitted from the final forfeiture order and remain in USPIS custody. It further states that Romano must withdraw his claim before USPIS can liquidate the property for an eventual turnover of the proceeds to the Clerk for restitution. The Court approved the Government's request to file a further status report by September 10, 2026. (DE 752 at 1-2; DE 753 at 1-2.)

The governing regulation requires USPIS to investigate a timely claim and issue a written decision. 39 C.F.R. § 946.8. It also provides that property whose disposition is involved in litigation or subject to a court order must be disposed of as the court determines. 39 C.F.R. § 946.3. Federal restitution law makes the enforcement provisions of 18 U.S.C. § 3613 available to the United States and permits enforcement by all other available and reasonable means. 18 U.S.C. §§ 3613(f), 3664(m)(1)(A)(ii).

A limited order is needed to coordinate two steps that otherwise occur separately: Romano's withdrawal of the claim and USPIS's later liquidation and turnover. The order would memorialize the Government's stated restitution purpose before the withdrawal becomes effective, preserve the status quo while the Court considers the September 10 report, and avoid any request that the Court manage USPIS's ordinary valuation or sale work.

**ROMANO'S RECORD OF COMPLIANCE**

The filed record describes consistent compliance across every stage of federal supervision and custody. After his 2008 arrest, Romano remained on pretrial release for approximately five and one-half years without a reported incident. He was permitted to self-surrender and did so on April 26, 2014. (DE 735 at 3-4.)

Judge Christine P. O'Hearn later described Romano as a "model inmate." Her opinion records that he maintained a spotless disciplinary record, received positive reviews from BOP staff, and devoted time to helping others in custody. It also records that, during his June 2022 CARES Act home confinement, he complied fully with electronic monitoring, weekly halfway-house reporting, and the requirement to obtain permission for absences. Romano v. Warden, No. 23-2919, ECF No. 69, at 3 (D.N.J. Apr. 24, 2025).

The March 19 transcript independently confirms Romano's record. The Court observed that Romano appeared to have had an "excellent record while in prison," with no disciplinary issues during twelve years in prison, no issues during pretrial supervision, no disciplinary issues during home confinement, and favorable notes from prison staff. Tr. 7:9-15. Government counsel likewise stated that she was not aware of any disciplinary issues. Tr. 12:1-6. After considering the factors in 18 U.S.C. § 3553(a), the Court found that Romano had "done really well in prison" and granted compassionate release. Tr. 20:24-21:21. On March 23, 2026, the Court entered its written order reducing Romano's custodial sentence to time served and imposing one year of location monitoring and home detention as a condition of supervised release. (DE 748 at 1, 3.)

Romano now represents from personal knowledge that, since his release, he has complied with every condition of supervised release and home detention and has received no notice of a violation. Because he has no current written certification from Probation, he does not attribute that present statement to Probation.

The Court also observed that, if Romano could work, the victims had a better chance of receiving restitution than if he remained in prison. Tr. 23:2-6.

## BOP'S AND DOJ'S PRIOR TREATMENT OF ROMANO

Judge O'Hearn's April 24, 2025 opinion documents what occurred after BOP approved Romano for CARES Act home confinement. BOP made that decision after a fact-specific review, with full knowledge of objections already raised by the prosecuting U.S. Attorney's Office and victims. Romano complied with every reported condition and had no infraction. Nevertheless, following outreach from the U.S. Attorney's Office for the Eastern District of New York, BOP re-reviewed the placement and returned Romano to prison 27 days after his release. BOP gave him no advance notice, hearing, or opportunity to contest the decision, and the record identified no misconduct or change in eligibility. Romano v. Warden, ECF No. 69, at 3-5.

The same opinion states that BOP first told Romano it returned him because he had not served 50 percent of his sentence, a rationale the court called facially incorrect. The Government initially repeated that explanation in a sworn declaration, later abandoned it, and offered other explanations. Discovery showed that communications from the U.S. Attorney's Office prompted the revocation; the record showed no new victim concern arising after release. Judge O'Hearn found that the shifting explanations raised serious concerns about Government candor and that the process reflected inconsistent representations and a lack of transparency. Id. at 4-7.

Judge O'Hearn concluded that Romano's return to prison appeared "unfair, unjust, and done without any process," and that the record suggested prosecutor pressure rather than misconduct or changed eligibility. Id. at 16. The court *dismissed the habeas petition for lack of jurisdiction under controlling Third Circuit precedent, not because it approved* the Government's conduct. Id. at 9-17. The opinion also noted that the return to prison excluded Romano from the December 2024 commutations granted to people who remained on CARES Act home confinement and stated that it appeared highly likely he would otherwise have received clemency. Id. at 6.

The March 19 transcript also establishes the sequence and severity of Romano's medical crisis. The Court recounted that Romano reported to sick call on January 13, 14, 16, and 20, 2026, with symptoms that included shortness of breath; received an x-ray on January 20; went to an emergency room; and later underwent cardiothoracic surgery. Tr. 4:9-25. The Court identified pneumonia with empyema, pleural effusion, MRSA, a lung-and-chest-wall mass, an elevated white-blood-cell count, tracheal deviation, and fever. Id. It further recounted that surgeons opened Romano's chest to treat the extensive disease, followed by four weeks of hospitalization, skilled-nursing care, and four weeks of antibiotics. Tr. 5:1-8.

When granting release, the Court found that the surgery was a "serious medical procedure"; that Romano would have chronic residual pneumothorax from a trapped lung; that he would never regain full lung capacity; and that prison or halfway-house placement carried a continuing exposure risk. Tr. 20:2-23. The Court found extraordinary and compelling reasons for release and reduced the custodial sentence to time served. Tr. 20:18-21:21; DE 748 at 1. The defense had attributed the crisis's severity to BOP's failure to recognize and escalate the pulmonary emergency. (DE 735 at 1-11.) The transcript does not make an independent negligence finding. It does, however, confirm four sick-call visits preceding the January 20 x-ray and emergency transfer, the seriousness of the disease and surgery, and lasting lung damage.

## CURRENT NONRESPONSE

To follow the process stated by the Government, Romano sent Assistant United States Attorney Diane C. Leonardo his August 14, 2026 letter and a short proposed Stipulation and Order. The proposal gave USPIS control over valuation, sale method, timing, costs, and administration; Romano sought neither the property nor any payment. His only requested result was that any net proceeds reach the Clerk for restitution.

The mailing bears USPS Tracking No. 6505 5156 1272 6233 6140 50. Romano respectfully represents that the USPS tracking record reflects delivery. As of September 3, 2026, the Government has not responded directly to Romano or proposed an alternative form. Romano recognizes that the Court-approved September 10 deadline for the

Government's status report has not yet passed. He does not claim that the Government has violated that order and does not ask the Court to shorten the deadline.

**CONCLUSION**

Romano is forever remorseful. He recognizes the continuing harm to the victims and seeks no personal recovery from the property. His compliance record and his effort to direct the property's value to restitution show his continuing willingness to cooperate.

*For these reasons, Romano respectfully asks the Court to preserve the status quo until it reviews the Government's* September 10 report, require that report to address the limited matters identified above, and then enter a limited order coordinating Romano's claim withdrawal with a lawful USPIS sale and direct payment of the net proceeds to the Clerk for restitution. He further requests such other limited relief as the Court deems just and appropriate.

Respectfully submitted,

Michael Romano
Defendant Pro Se
Levittown, New York

**CERTIFICATE OF SERVICE**

I certify that on September 4, 2026, I served a true copy of this letter motion on Assistant United States Attorney Diane C. Leonardo by U.S.P.S. first class mail at the United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722.

Michael Romano

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE

Retail

P

US POSTAGE PAID

$12.90

Origin: 11795
09/04/26
3592020795-7

PRIORITY MAIL®

0 Lb 2.10 Oz

RDC 03

EXPECTED DELIVERY DAY: 09/08/26

C030

SHIP TO:

225 CADMAN PLZ E
BROOKLYN NY 11201-1832

USPS TRACKING® #

9505 5161 7956 6247 8063 41

- Expected delive
- Domestic shipm
- USPS Tracking®
- Limited internati
- When used inter

*Insurance does not cov
Domestic Mail Manual a
** See International Mail

destinations.

verage.

FLAT RAT
ONE RATE ■ ANY

TRACKED

Pickup,

PS00001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

PRIORITY MAIL

UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: MICHAEL ROMANO
32 COVE LN
LEVITTOWN NY 11756

TO: U.S. DISTRICT COURT
E.D.N.Y.
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201
ATTN: CLERK OF COURT

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.